UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

RANDOLPH ADRIAN JACKSON,

 Defendant-Appellant.

No. 04-6292
(D.C. No. CR-03-70-T)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

Randolph Adrian Jackson appeals his sentence of five years imprisonment imposed following his guilty plea to interstate travel with intent to promote unlawful activity in violation of 18 U.S.C. § 1952(a)(3) and aiding and abetting in violation of 18 U.S.C. § 2. He argues that the district court's mandatory application of the U.S. Sentencing Guidelines violates the Supreme Court's decision in United States v. Booker, 125 S.Ct 738 (2005). He further argues that

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

<u>Booker</u> error amounts to structural error, and therefore his case should be remanded for resentencing.  He acknowledges this court recently held that non-constitutional <u>Booker</u> error does not constitute structural error.  <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 733-34 (10th Cir. 2005) (en banc).  He raises this issue exclusively to preserve an appeal to the Supreme Court.  Because Jackson did not challenge his sentence on <u>Booker</u> grounds below, we review the non-constitutional <u>Booker</u> error that results from a mandatory application of the sentencing guidelines for plain error.  <u>Gonzalez-Huerta</u>, 403 F.3d at 732.  Jackson does not argue on appeal that <u>Booker</u> error affected his substantial rights or affected the fairness, integrity, or public reputation of judicial proceedings.  As such, we decline to remand for resentencing.

Accordingly, we **AFFIRM** the sentencing order entered by the district court.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge